IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP WALZ,

Plaintiff,

v.

META PLATFORMS and MARK ZUCKERBERG,

Defendants.

ORDER

26-cv-1113-jdp

---

Plaintiff Phillip Walz, representing himself, seeks relief under 42 U.S.C. § 1983. This order provides Walz guidance on how to properly submit his claims for this court's review.

This court provides self-represented litigants seeking to file suit a civil lawsuit a complaint package that includes a complaint form and instructions on filing a complaint in federal court. Filing a complaint on the form is not mandatory in every case in which a plaintiff proceeds without counsel, but the court has discretion to order plaintiffs to use the form when it promises to help them articulate their claims and to promote judicial economy. *See A. Bauer Mech., Inc. v. Joint Arb. Bd. of Plumbing Contractors' Ass's & Chi. Journeymen Plumbers' Loc. Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009) (courts have broad discretion to enforce local practices that enable a district court to manage its docket as efficiently as possible).

Walz's complaint, which runs 22 pages, is excessively long and argumentative. The court will not parse the complaint to attempt to discern the facts supporting a potentially plausible claim because that would unduly strain the court's resources and divert it from its role as a neutral decisionmaker. The court must construe Walz's allegations generously, but it cannot construct his claims for him.

Instead, the court will require Walz to file an amended complaint, using the complaint form, to more carefully articulate the facts supporting his claims. Once the court has received the amended complaint, it will be screened.

The court will send Walz a copy of the complaint form along with this order. Walz may include supplemental pages with the form if he needs more space to allege facts supporting his claims, but he may provide no more than five (5) supplemental pages. Any handwritten or typewritten text on the form or any supplemental page must be large enough and have enough spacing between the lines and in the margins for the court to read it easily. For reference, Walz's typewritten complaint meets the spacing and text size requirements.

In drafting the amended complaint, Walz should be mindful that, to state a claim for relief, a pleading need only contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Walz's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Walz should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Walz should identify his claims in this manner and omit any legal arguments.

Walz should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in, or otherwise cause, a violation of his rights. Walz must explain what each defendant did, or failed to do, to violate his rights. Walz should avoid referring to defendants collectively. Walz also should identify by full name in the case caption of the amended complaint every one of the defendants.

ORDER

IT IS ORDERED that:

1. Plaintiff Phillip Walz has until December 21, 2026 to file an amended complaint in accordance with the instructions provided in this order.

2. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

3. If plaintiff fails to comply with this order, the court may dismiss the case.

4. The clerk of court is directed to send plaintiff a copy of the court's nonprisoner complaint form.

Entered November 19, 2026.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge